**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

DESJUAN MALIK JONES,                    :
                                        :
              Petitioner,               :
                                        :
       V.                               :
                                        :        NO. 4:21-cv-00064-CDL-MSH
Sheriff GREG COUNTRYMAN,                :
                                        :
              Respondent.               :
_____ :

## <u>ORDER AND RECOMMENDATION OF DISMISSAL</u>

Petitioner Desjuan Malik Jones, a prisoner in the Muscogee County Jail in Columbus, Georgia, has filed a petition for writ of habeas corpus.   Pet. for Writ of Habeas Corpus, ECF No. 1.   Although Petitioner filed his petition on the form for a proceeding under 28 U.S.C. § 2241, he indicates that he is currently serving a sentence from the Superior Court of Harris County, Georgia, which is the sentence that he is challenging through this petition.   *Id.* at 1.   Thus, Petitioner's petition falls under 28 U.S.C. § 2254.

Petitioner has also filed a motion to proceed without prepayment of the filing fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 3.   Because it appears that Petitioner is unable to prepay the filing fee, his motion to proceed *in forma pauperis* ("IFP") is now **GRANTED**.   *Id*.   It is **RECOMMENDED**, however, that the habeas corpus petition be **DISMISSED WITHOUT PREJUDICE** because Petitioner has not exhausted available state remedies, as discussed below.   It is also **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed IFP on appeal be **DENIED**.

## PRELIMINARY REVIEW OF THE PETITION

Rule 4 of the Rules Governing § 2254 Cases[1] requires district courts to dismiss habeas corpus petitions without ordering the State to respond "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Paez v. Sec'y, Fla. Dep't of Corrs.*, 947 F.3d 649, 653 (11th Cir. 2020) (quoting Rule 4). This preliminary review calls on a district court to screen the petition prior to service and dismiss the petition, *sua sponte*, upon a determination that it contains no meritorious claim for relief. *See* Rules Governing § 2254 Cases, Rule 4 advisory committee notes (providing that "it is the duty of the court to screen out frivolous applications"). This procedure serves to "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*

To survive a Rule 4 review, a habeas petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief. *Paez*, 947 F.3d at 653 (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (holding that a § 2254 petition must comply with the "fact pleading requirements of [Habeas] Rule 2(c) and (d)" to survive dismissal under Rule 4)). A dismissal may be appropriate either on the merits or on a finding that the petition is procedurally barred or for both reasons. *Paez*, 947 F.3d at 649; *Rohda v. Gordy*, No. CA 14-0169-WS-C, 2014 WL 2616627, at *1 (S.D. Ala. June 12, 2014) (holding that "federal courts are authorized to raise the exhaustion issue *sua sponte*") (citing *McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005)).

Before a petitioner may seek federal habeas relief, he must exhaust his state court

---

[1] As noted above, Petitioner filed his petition on a § 2241 form, rather than a § 2254 form. Regardless of whether the petition is considered under § 2241 or § 2254, the Rules Governing § 2254 Cases apply in either situation. *See* Rule 1(b) of the Rules Governing § 2254 cases.

remedies.   *See* 28 U.S.C. § 2254(b)(1)(A); *see also Isaac v. Augusta SMP Warden*, 470 F. App'x 816, 818 (11th Cir. 2012) (per curiam) ("Before bringing a habeas action in federal court, however, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion."); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies").   If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.   *See Isaac*, 470 F. App'x at 818 (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).   A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition.   28 U.S.C. § 2254(c).

Here, it "plainly appears" on the face of the petition that Petitioner has not exhausted his state remedies.   R 4, Rules Governing § 2254 Cases.   In particular, in response to questions on the petition, Petitioner indicates that he did not file a direct appeal or any state court habeas corpus petitions challenging his conviction or sentence.   Pet. for Writ of Habeas Corpus 2-5, ECF No. 1.   Moreover, with regard to each issue that he seeks to raise, Petitioner indicates that he did not present the issue in all appeals that were available to him.   *Id.* at 6-7.   Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO PROCEED IFP ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for a

writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1)(A).   Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant," and if a COA is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made these showings.   Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a COA.   Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   See 28 U.S.C. § 1915(a)(3). Accordingly, it is also **RECOMMENDED** that any motion to proceed IFP on appeal be

4

**DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the Honorable Clay Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Plaintiff may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   See 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 2nd day of June, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE